WILLIAM WRIGHT *versus* ABRAHAM A. DAME *et al.*

Every averment necessary to entitle a plaintiff in equity to the relief prayed for, must be contained in the stating part of the bill; and if every necessary fact be not distinctly and expressly averred in that part, the defect cannot be supplied by inference, or by reference to averments in other parts.

Thus, where the plaintiff sought to hold the purchaser of land accountable for the application of the purchase money, and the stating part of the bill alleged that a deed of the land was placed in the hands of D on the express trust and condition that he should not deliver it to the purchaser but upon payment of one half of the purchase money, which D had contracted to pay over to the plaintiff, and that the deed was delivered by D, the purchaser having knowledge of the trust, but omitted to state whether the purchaser did or did not pay to D one half of the money, the bill was held to be defective, because if the purchaser did pay one half of the money, he was not bound to see to its application.

The power of this Court, under Revised Stat. *c.* 81, § 8, to hear and determine in equity " all suits and proceedings for the enforcing and regulating the execution of trusts, whether the trusts relate to real or personal estate," extends to implied as well as express trusts.

BILL in equity.  The bill set forth, that the plaintiff was originally the owner of certain land in Boston ; that on May 19, 1827, he conveyed the apparent title to one undivided half thereof to the defendant, Dame ; that on September 29, 1829, the plaintiff, by his deed to Dame, and an indenture of the same date executed by both, conveyed all his interest in the land to Dame on the express trust that he should not sell any part thereof without the consent of the plaintiff in writing, until after May 1, 1832, and that then so much of the land as should be necessary to pay all debts due from the plaintiff to Dame, &c. and the taxes and expenses on the land, with interest, should be sold by auction, and the proceeds of the sale applied to the payment of such debts, &c. and that the residue, if any, should be reconveyed to Wright, on demand, after such payments ; that on July 7, 1835, the plaintiff, by an indenture, executed by him and Dame, authorized Dame to sell all of the

Wright
*v.*
Dame.

land at private sale for the most that could be obtained over the sum of $170,000 ; that such authority was given upon the express condition and trust, that Dame should appropriate the proceeds of the sale in the manner prescribed in the deed and indenture executed on September 29, 1829, so far as respected the debts, &c. therein mentioned, and should pay the residue of the plaintiff's interest to him in money or satisfactory securities, on demand, instead of the reconveyance first intended.

The bill further stated, that Dame, on or about July 8, 1835, in execution of such trust, contracted with H. S. Kendall, another of the defendants, to sell to him the lands for the sum of $170,005, one half to be paid on delivery of the deed, in cash or security satisfactory to the plaintiff, and the residue, at such times as should be agreed upon by Dame and Kendall ; and that it was stipulated in such agreement, that this portion of the proceeds should be applied to the payment and extinguishment of the debts, &c. before mentioned ; that Kendall well knew the trusts and the contents of such indentures ; that at the request of Dame and Kendall, the plaintiff and his wife united with Dame in the execution of the deed, upon the express agreement, that it should not affect such trusts or the rights of the plaintiff, or the duties or liabilities of Dame or Kendall, and placed it in Dame's hands, upon the express trust, that it should not be delivered to Kendall, unless he should pay to Dame one half of the purchase money, in cash or security satisfactory to the plaintiff ; that Kendall well knew, that such deed was placed in Dame's hands on such express trust ; and that on August 8, 1835, Dame delivered the deed to Kendall, who caused it to be recorded in the registry of deeds.

The bill further set forth, that by virtue of the premises, Dame held the contract with Kendall, in trust to enforce the terms of it for the benefit of the plaintiff ; that Kendall took the land charged with the trust that he should perform the contract with Dame and that Dame should perform his trust for the plaintiff, and charged also with all the other trusts ; that Kendall, on or about July 25, 1836, by a deed dated February 15, 1836, but not recorded till the 25th of July, after the pendency of the bill, and after the same was known to Kendall and to

the South Wharf Corporation, which was also a defendant in this suit, and after the service of the subpœna on Kendall, undertook to convey the land to that corporation, the plaintiff having no knowledge of the deed until long after the 25th of July ; and that, at the date of the deed, the corporation and every member thereof well knew, or had reasonable ground to know, of the various trusts upon which the land was held by Dame and Kendall, respectively.

The bill then alleged, that the South Wharf Corporation paid no consideration for the lands, and that, by reason of the premises, they passed into its hands subject to such trusts ; that the plaintiff had hoped that the defendants would have performed the trusts ; and that the plaintiff had demanded of Dame the delivery of the money or security, &c. ; but that the defendants combining, &c. had refused to perform the trusts, and pretended, that after the deed was so placed with Dame, he and Kendall rescinded the contract between them, and entered into a new one, whereby Kendall was not to pay Dame any money, &c., but to deliver and sell to him certain shares in the stock of the South Wharf Corporation.

The bill thereupon charges, that it was not competent to Dame and Kendall to cancel such first contract ; that it was trust property of the plaintiff, and was held by Dame to enforce it and pay over the fruits to the plaintiff; that Kendall knew these facts when he received the deed, and took the estate upon the trust, that he should pay to Dame one half of the sum of $ 170,005, in cash, &c., and that the same should be paid over to the plaintiff on demand ; that the debts, &c., amount to the sum of $ 50,000 or thereabouts ; and that the shares in the stock of the South Wharf Corporation were not satisfactory to the plaintiff; that Dame had no authority to release Kendall from the performance of the contract, and the plaintiff has a right to compel performance of it, and has demanded it of Kendall, who has refused ; that the South Wharf Corporation bought with full knowledge of the trusts and took the estate and held it subject to and charged with the trusts and are bound to execute the agreement first made between Dame and Kendall and to pay the plaintiff one half of $ 170,005 in money, &c.

Wright
v.
Dame.

The bill, thereupon, prayed, that the defendants might be restrained from alienating the land until the trusts should be executed, and that they should be charged as trustees to execute the same.

The South Wharf Corporation demurred to the bill, on the ground, that the plaintiff had not thereby made a case which entitled him to relief against that corporation.

*March 25th.*   *Bartlett*, for the South Wharf Corporation.

*Choate* and *Crowninshield*, for the plaintiff.

*April 1st*   WILDE J. delivered the opinion of the Court. The first objection, on which the defendants rely in support of the demurrer to the bill, is merely formal, and of little importance, as the supposed defect may be supplied by an amendment. The plaintiff, therefore, can have no cause for complaint in being held to the strictest rules of pleading. These rules are founded in good sense, and are more simple than the rules of special pleading in an action at law. But the forms and rules of pleading, both in suits at law, and in courts of equity, are to be strictly observed ; otherwise great laxity of pleading may follow, and the object of the rules would be defeated. But as the most learned and careful pleader, in the hurry of business, may make mistakes in mere matters of form, amendments are allowed with great liberality, and without costs, unless the opposing party is thereby prejudiced ; and thus any hardship, which a party might otherwise suffer by mistakes in matters of form, which have no bearing on the merits of the case, may be avoided. The learned counsel who argued the demurrer on the part of the plaintiff, does not deny the well established rule on which the objection to the bill is founded ; nor does he complain of its practical operation ; but he contends that the bill is properly framed, so as to entitle the plaintiff to the relief prayed for, and that the supposed defect does not exist.

The defect relied on in support of the demurrer, is in the stating part of the bill. The bill alleges, that the plaintiff conveyed certain land, of great value, to the defendant, Dame, on certain trusts, and authorized him to make sale of the same on certain conditions ; that he afterwards sold the same to the defendant, Kendall ; that at the request of Dame, the plaintiff

united with him in the deed of sale to Kendall, on the express condition, that it should not affect said trusts, or the duties or liabilities of Dame and Kendall ; and that he placed the deed in Dame's hands upon the express condition that it should not be delivered to Kendall, but upon payment to Dame of one half of the purchase money in cash, or security satisfactory to the plaintiff.   The bill then states, that afterwards Dame delivered the deed to Kendall, who recorded the same in the registry ; but it omits to state whether Kendall did or did not pay Dame the one half of the purchase money, according to the condition on which the deed was to be delivered.   If he did, he would not be bound to see that Dame should pay over the money or deliver over the securities to the plaintiff.   The bill charges, that he was so bound ; and in this view it is necessary to ascertain how the fact is.   The bill should charge, expressly, that the deed was delivered over to Kendall without the performance of the condition.   The averment in the stating part of the bill is, that he took the estate charged with the trust to perform the contract with Dame, and that Dame should perform his trust to the plaintiff, and charged also with all the other trusts.   But if Kendall paid over one half of the purchase money, as the averment seems to intimate, it is very clear, that he would not be bound to see to the application of that part of the purchase money.   It has been argued, that the defect may be supplied, or the meaning of the stating part may be explained, by the averments in the charging part of the bill. But the rules of pleading require that every material averment that is necessary to entitle the plaintiff to the relief prayed for, must be contained in the stating part of the bill ; and this is a useful rule for the preservation of form and order in the pleadings.   This part of the bill must contain the plaintiff's case, and his title to relief ; and every necessary fact must be distinctly and expressly averred, and not in a loose and indeterminate manner, to be explained by inference, or by reference to other parts of the bill.   The defendants are not bound to answer any averment not contained in the stating part of the bill.   If then the plaintiff intends to hold Kendall and the South Wharf Corporation accountable for the whole purchase money an amendment of the bill will be indispensable.   It

Wright
v.
Dame.

Wright
v.
Dame.

must be averred, that the deed was delivered over to Kendall by Dame, without payment of one half of the purchase money either in cash or security satisfactory to the plaintiff.

As to the remaining half of the purchase money, it is objected, that the trusts cannot be enforced against either Kendall or the South Wharf Corporation. By the Revised Stat. c. 81, § 8, this Court is empowered to hear and determine, in equity, all cases in suits and proceedings for enforcing and regulating the execution of trusts, whether the trusts relate to real or personal estate. This section gives the Court jurisdiction in all cases of trust, where the parties have not a plain, adequate and complete remedy at the common law. It was argued that this section ought to be limited to express trusts ; and a note in the report of the commissioners for revising the Statutes was referred to, to show that such was the intention of the framers of the law. But we think no such intention can be inferred from the language of the note. After referring to the former statute, which gave the Court a more limited jurisdiction, the note concludes with the remark, that "there appears to be no reason why all trusts relating to property should not have the benefit of the same remedy." By the language of the statute, no distinction is made between express and implied trusts ; and there does not seem to be any good reason for such a distinction. But if the provision could be so construed as to limit the jurisdiction of the Court to express trusts, it would not affect the present case ; for the trusts are express.

It is expressly averred in the bill, that Kendall had full knowledge of the trusts, and that he was to pay half of the purchase money to Dame ; and it is a familiar principle of equity, that a purchaser from a trustee, with knowledge of the trust, takes the estate subject to the trust. And the South Wharf Corporation took the estate subject to the same trust. It was argued by their counsel, that their purchase of the estate from Kendall, was a fraud, and so not within the jurisdiction of the Court ; but we think there is no ground for the argument. Kendall had the legal estate, and had a right to dispose of it ; and if the corporation took it subject to the trusts, as they are bound to hold it, this could be no fraud on the *cestui que trust*. They, therefore, as well as Kendall, are clearly

bound by the trusts, supposing they had full knowledge of the    Wright
trusts at the time of their respective purchases, as it is averred    *v.*
in the bill that they had.                                           Dame.

*Demurrer allowed.*