## Bannon v. Bank.

*Equity—Appeals— Validity of finding of fact.*

The finding of the court below under the new equity rules especially if the credibility of the witness be a factor, will not be set aside on appeal unless there be manifest error.

Argued April 23, 1900.   Appeal, No. 66, April T., 1900, by plaintiff, in suit of Rose Bannon, against the Lincoln National Bank and H. F. Doris, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1899, No. 222, in favor of plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.   Opinion by W. W. PORTER, J.

Hearing on bill, answer and proofs.   Before SHAFER, J.

It appears from the record that the sole question involved was whether defendant bank had the right to treat certain shares of stock pledged as collateral for the note of H. F. Doris as his property, and apply the proceeds of their sale not only to the payment of the note for which they were specifically pledged, but also to the payment of certain other minor obligations.

The court below by its findings of fact and conclusions of law allowed defendant a credit upon proceeds of stock sold in payment of the minor obligations, and entered a decree in favor of plaintiff for the balance only.   Plaintiff appealed.

*Errors assigned* were to the findings of fact of the court below, and to its decree in not holding that the defendant held the notes amounting to $554.02, and discounted by it, for H. F. Doris, and held in trust for Rose Bannon, and in placing one half the cost upon the plaintiff.

*L. C. Barton,* for appellant.

*James R. Sterrett,* for appellee.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900.

We discern no error in this record.   The sole question involved is whether the bank had the right to treat the shares of

stock, pledged as collateral for the note of H. F. Doris, as his property and apply the proceeds of their sale, not only to the payment of the note for which they were specifically pledged, but also to the payment of certain other minor obligations. The testimony for the bank is that it was, by arrangement with Doris, authorized to treat the stock as collateral for his general indebtedness. He denies this. The court below finds the disputed fact in favor of the bank as follows: " The officers of the bank believed, at the time the agreement was made by H. F. Doris, that the stock should be held as collateral for his indorsements ; that the stock was in fact the property of H. F. Doris, himself, and continued to entertain that belief up until after the sale of the stock by them, made at his request. He claimed to be the owner of it, and the bank received no information from any source which would indicate to it that it was not his property." We see no reason to disturb this.

The finding of the court below under the new equity rules, especially if the credibility of the witnesses be a factor, will not be set aside on appeal unless there be manifest error:" Mackintyre v. Jones, 9 Pa. Superior Ct. 543.

The plaintiff contends that the stock was hers ; that it was pledged only for the note of $2,450. The certificates were in her name. They were lodged with the bank by Doris with blank power of attorney, duly signed by the plaintiff. Thus was Doris furnished with the indicia of ownership: Gilbert v. Building Association, 184 Pa. 554 ; Wood's Appeal, 92 Pa. 379. His agreement as to the use to be made of the collateral, in the absence of any restrictive notice from the plaintiff, was sufficient protection to the bank in dealing with the pledged stock. True, the agreement with Doris was verbal. But the note for $2,450, referring to the collateral pledged, treated the stock in terms as the property of Doris. By it Doris says: " As collateral security, I have delivered one hundred and five (105) shares of the capital stock of the Dixon-Wood Company, which I hereby authorize and empower the holder hereof, on default in payment at maturity, . . . . to sell," etc., thereby, on the face of the obligation, treating the shares as his individual property. On the back of this paper the plaintiff indorsed a guaranty of payment, to which is appended her signature. By so doing, she is to be chargeable with knowledge that Doris, in dealing with the bank, was treating the shares as his own.

The court below divided the costs between the parties. Of this the appellant complains. This was an adjustment of the costs by a chancellor in the exercise of his discretion. There is nothing inequitable in his act. True, the plaintiff had in the hands of the defendant bank a sum of money to which she was entitled, growing out of the sale of the shares of stock, but not involved in the determination of the main question raised here. This sum has been directed to be paid to her. It should have been paid without compulsion. Thus the plaintiff would seem to be entitled to costs. But there was a dispute between the parties which had in it some substance. This required the filing of the bill. In this contention the defendant succeeds. On the whole case, therefore, it seems equitable that the costs should be divided.

The assignments of error are dismissed and the decree is affirmed.