## Bishop v. Buckley, Appellant.

*Waters—License—License to lay pipe—Equity—Estoppel.*

Where an owner of a spring grants to another a license to use the waters of the spring for the term of ten years, and the licensee secures the privilege from the owner of intervening land to lay pipes through such land from the spring to the licensee's house, and it is understood between the parties that this privilege is to last only as long as the water license lasts, and it appears that the pipe costs only about $30.00, the licensee cannot claim that the privilege to maintain the pipes extended beyond the term of the license to take water from the spring.

When not specially restricted a license is co-ordinate with that to which it is ancillary.

In such a case where the successor in title to the licensee renews the license to use the spring after his acquisition of title, he cannot claim that the owner of the land in which the pipes were laid is estopped from asserting his right to have the pipes removed, unless he shows that he was induced to purchase the property by acts or statements of the intervening owner relating to the continuance of the pipes.

Where facts are open to inquiry, and the parties have equal opportunity to ascertain the truth with reference thereto, the omission to speak is not held to amount to fraud.

Where one seeks to impose upon the land of another a perpetual burden by parol, the evidence should be of a clear and convincing character.

*Equity—Pleading—Proof.*

The defendant in an equity suit is not called upon to meet an allegation of facts, not set forth in the complainant's bill out of which an estoppel is claimed, and which he is not required to meet in his answer.

A party is not permitted to state one case in a bill and present a different one in his evidence.

Argued Nov. 23, 1906. Appeal, No. 217, Oct. T., 1906, by defendant, from decree of C. P. Del. Co., June T., 1905, No. 132, on bill in equity in case of Jehu D. Bishop and Nellie L. Bishop, his wife, v. J. Monroe Buckley. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Bill in equity to restrain the defendant from disconnecting and interfering with a water pipe. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree awarding the injunction.

*A. J. Williams*, with him *O. B. Dickinson* and *J. C. Taylor*, for appellant.

*W. Roger Fronefield*, for appellee.

OPINION BY HENDERSON, J., February 25, 1907:

It is made very clear by the evidence offered at the trial that the water privilege which was the inducement to the laying of the pipe across the land now owned by the defendant, was limited to the period of ten years. The contract under which the water was obtained from Mrs. Pyle expressly terminates the privilege on June 17, 1899. This right was given to Lewis E. Buckley, predecessor in title of the plaintiffs, and Isabella Buckley, predecessor in title of the defendant. It further appears from the evidence that the pipe was laid and the houses of L. E. Buckley and Isabella Buckley were equipped for the use of water under this limited right. The parties well knew that the privilege for the use of water did not extend beyond the date fixed in their contract, and it must be presumed in the absence of evidence to any other effect that they were willing to incur the expense of piping the water from the spring to

their respective dwelling houses, because of the opportunity to use the water for the time fixed in the agreement. So far as appears in the case they had no reason to believe that Mrs. Pyle would extend the term, or that the pipe would be useful to them as a water conduit, after their right to use the spring had terminated. The distance was only seventy-seven rods, and the cost a little more than $30.00. The parties might well have concluded that the outlay was small in comparison with the advantages to be derived from the use of the water during the term. It is alleged in the answer, and testified to by the defendant at the trial, that the license to Lewis E. Buckley to lay the water pipe in the land of Isabella Buckley was only to continue until June 17, 1899, the time when the water right granted by Mrs. Pyle ceased, and the defendant's evidence upon this point is in no way contradicted. The occasion for the use of the pipe was to cease by the termination of the water right at the date when the license to have the pipe on the defendant's land ended. There is no evidence that Lewis E. Buckley erected his house or equipped it for water upon the strength of any other arrangement or right than that secured under the contract with Mrs. Pyle for the use of the water for ten years, and the right from his mother to use the pipe on her land while the contract with Mrs. Pyle subsisted. We have not, then, the case of a license indefinite as to time, upon the faith of which valuable improvements were made or work or money expended, by reason whereof an irrevocable interest in land is acquired under the doctrine of estoppel : LeFevre v. LeFevre, 4 S. & R. 241 ; Rerick v. Kern, 14 S. & R. 267, and McKellip v. McIlhenny, 4 Watts, 317, are illustrations of this principle. In the latter case it was said that wherever a party has induced another upon the faith of his promise, though verbal, to expend his money or labor for which he can only be remunerated by the enjoyment of the thing so promised, equity will enforce the agreement. In all of the cases of this class, however, the license was unlimited or for a specific object, the duration of which was indefinite. When not specially restricted a license is co-ordinate with that to which it is ancillary. It was accordingly held in Rerick v. Kern, supra, that a parol license to use the water of a stream for a sawmill, in consequence of which the grantee incurred the expense of building

the mill, became irrevocable ; but where the privilege is for a limited time, or until the occurrence of a particular event, the reason for the rule is not applicable. The licensee acts with his eyes open to the fact that his right is restricted and his outlay is presumed to have been made with reference thereto. In such a case an unlimited enjoyment of the privilege was not in the grantee's view, and no equity arose in his favor because of his outlay. Parties contracting have a right to fix their own terms in granting a license, as in other agreements, and it is not within the power of a chancellor to make another contract for them than that to which they assented. We do not find any warrant in the evidence, nor authority in the law applicable thereto, for the conclusion that the license to Lewis E. Buckley to maintain a water pipe on the land of his mother was unlimited or irrevocable. The contrary appears in evidence which was not impeached nor contradicted. To hold otherwise would be to impose on the land of the defendant a servitude not in contemplation of the parties, and against which they had specifically contracted.

It is contended, however, that the bill may be maintained upon the doctrine of estoppel. This estoppel is supposed to grow out of the fact that the defendant knew that the plaintiffs were purchasing the property ; that he spoke to the plaintiffs after they had purchased in regard to the water supply and showed them where the water was shut off in the house ; that the plaintiffs then entered into a new contract with Mrs. Pyle for the use of the water for ten years ; that some time after this the defendant and Mr. Bishop put a spigot in the pipe at the run and at another time cleaned out the spring. It will be observed that none of the acts referred to are alleged to have been an inducement to the plaintiffs to buy the property. They neither relied upon the defendant nor consulted him with reference to it or to any rights appurtenant. The cleaning of the spring and the adjustment of the pipe with the spigot occurred long after the purchase and long after the lease entered into by the plaintiffs with Mrs. Pyle, and were in no sense an inducement to the plaintiffs to enter into that contract. There was no suppression of a material fact nor was the defendant present at any time when a duty was imposed upon him to speak. The plaintiffs presumably knew that the

water supply was derived from some source outside of their own property, and the defendant is not shown to have been present when they acquired the water right from Mrs. Pyle soon after they purchased. In order to make his silence work an estoppel it must be shown to have been so suggestive in its nature that, coupled with his own knowledge, it became a fraud on his part not to have disclosed this knowledge to the plaintiffs. The doctrine of estoppel from silence grew out of the omission of one to speak with reference to facts which the party complaining could only acquire knowledge of through the person who neglected to communicate it. Where one so situated withheld knowledge, the courts declared such silence to be fraudulent. But where the facts are open to inquiry and the parties have equal opportunity to ascertain the truth with reference thereto, the omission to speak is not held to amount to fraud. The plaintiffs did not make any inquiry as to the water supply when the property was purchased, and the case lacks evidence of acts of the defendant misleading the plaintiffs to the expenditure of money or to the making of valuable improvements to their prejudice. Where one seeks to impose upon the land of another a perpetual burden by parol the evidence should be of a clear and convincing character. It does not appear that the water privilege may not be enjoyed by locating the pipe on other land, nor is there any evidence of valuable improvements made by the plaintiffs on the strength of the supposed privilege. There is the further objection to this branch of the plaintiffs' case that it is not pleaded or suggested in their bill. Their complaint sets out in the third paragraph a right indefinite as to time growing out of the joint construction of the line of pipe by their predecessors in title for the purpose of supplying water to their buildings; that the plaintiffs knew of the easement upon the defendant's land when they bought the property and that the defendant disconnected the pipe. This sets forth a right growing out of the contract between Lewis E. Buckley and his mother, but gives no intimation that a cause of action was to be relied on because of the conduct of the defendant after the purchase by the plaintiffs. Technical rules of construction of pleadings in equity are not to be encouraged, but the rule has not been departed from that all material allegations should be put in

issue so that the parties may be informed what the real inquiry is. A party is not permitted to state one case in a bill and present a different one in his evidence : Boone v. Chiles, 35 U. S. 177 ; McElwain v. Yardley, 9 Wend. 549 ; 1 Daniell's Chan. Pl. & Pr. 326. Material facts must be so distinctly stated as to be put in issue : Finletter v. Appleton, 195 Pa. 349; Harding v. Handy, 24 U. S. 103. The court is not authorized to give consideration to matters not alleged by the party : Harrison v. Nixon, 34 U. S. 483. It is a maxim both in chancery and law courts that proofs cannot be admitted of any matter not noticed in the pleadings : 1 Daniell's Chan. Pl. &. Pr. 852. The facts constituting an estoppel must be pleaded : Independent Dist. of Burlington v. Bank, 68 Iowa, 343 (27 N. W. Repr. 255) ; Thompson's Appeal, 126 Pa. 367. The defendant was not called upon to meet an allegation of facts not set forth in the complainant's bill out of which an estoppel was claimed and which he was not required to meet in his answer. After a careful review of the evidence we are of the opinion that neither on the theory of an irrevocable license or estoppel can the complainant's bill be sustained.

The decree is, therefore, reversed and the bill dismissed at the cost of the appellees.