## Miller, Appellant, v. Piatt.

*Equity—Evidence—Fraud—Cancellation of deed—Findings of fact—Equity pleading—Mutual mistake.*

The proof to support a bill in equity for cancellation of a deed must be clear, precise and indubitable. If the evidence of the two plaintiffs, a man and wife, is contradicted by the defendant, and the defendant's testimony is strongly corroborated by another witness, it is the duty of the judge to pass upon the credibility of the witnesses, and his findings of fact will not be reversed by the appellate court, except for manifest error.

Where a bill in equity is filed for the cancellation of a deed, and the relief sought is based solely on charges of fraud, a decree for the plaintiff cannot be entered because the proofs tended to show that there had been a mutual mistake. In such a case the mutual mistake must not only have been proved, but must also have been pleaded.

Statement of Facts—Opinion of the Court. [33 Pa. Superior Ct.

Argued Feb. 27, 1907.   Appeal, No. 23, Jan. T., 1907, by plaintiffs, from order of C. P. Wyoming Co., Equity Book, p. 219, dissolving preliminary injunction in case of Elmer J. Miller and Elizabeth Miller, his wife, v. James W. Piatt.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Bill in equity for an injunction.

The facts appear by the opinion of the Superior Court.

*Errors assigned* were certain findings of fact and the decree dissolving the preliminary injunction.

*Ernest K. Little*, of *Little & Little*, with him *E. P. Benjamin*, of *Houck & Benjamin*, for appellants.

*Jno. M. Garman*, with him *C. O. Dersheimer*, for appellee.

OPINION BY HENDERSON, J., May 13, 1907 :

Mrs. Miller, one of the plaintiffs, alleges that she was induced to give the note and accept the sheriff's deed referred to in the bill on the representation of the defendant that his judgment, on which the sheriff's sale was had, was a lien on five acres of land belonging to her which had formerly belonged to one Marvin Sickler, the defendant in the execution on which the land was sold ; that this representation was false and fraudulent, and that she is, therefore, entitled to a decree for the cancellation of the judgment entered on her note and to a decree directing her to reconvey to the defendant the title to the Sickler land for which she had received the sheriff's deed.   The plaintiffs' case depends wholly on a question of fact, to wit : did the defendant fraudulently represent that his judgment was a lien on the land of Mrs. Miller, and was her acceptance of the sheriff's deed and delivery of the note to the defendant brought about by such misrepresentation ?   The only witnesses called to establish the material allegations of the bill were the plaintiffs. If the case were to be disposed of on their evidence alone a different conclusion would be reached from that arrived at by the trial judge.   But there was a direct contradiction between them and the defendant, and the latter is strongly corroborated

by Mr. Keeler who acted as attorney for the plaintiffs at the time the note was given. In this conflict of evidence it became the duty of the judge who heard the case to pass upon the credibility of the witnesses, and to determine the facts established by the evidence. Under the equity rules now in force the findings of fact of a judge sitting as a chancellor will not be reversed except for clear error. The superior opportunity of the judge who hears the witnesses to properly estimate the worth of their evidence gives great weight to the conclusions of fact reached, and even where the record of the evidence shows a preponderance of testimony against such findings, that will not induce a reversal where there is evidence which, if believed, will sustain them : Hancock v. Melloy, 187 Pa. 371 ; Steinmeyer v. Siebert, 190 Pa. 471 ; Bannon v. Bank, 14 Pa. Superior Ct. 566. One of the prayers of the bill calls for the rescission of the contract executed in the delivery of the sheriff's deed to Mrs. Miller. The evidence necessary to accomplish this result must be clear, precise and indubitable : Cummins v. Hurlbutt, 92 Pa. 165 ; Campbell v. Patterson, 95 Pa. 447. The weight of the evidence must be such as to satisfy the conscience of the court that the alleged fraud has been committed. The burden rested on the plaintiffs to present evidence of such a convincing character that a conclusion would be reached requiring a decree in their favor. They have not succeeded in doing this. It does not clearly appear from the testimony that the misrepresentations were made as alleged. The transaction out of which the litigation arose occurred in the office of their own attorney, under whose direction they were acting. They were at the county seat and a short distance from the courthouse where the records were kept, from which it could have been readily determined whether or not the defendant's judgment was a lien on Mrs. Miller's land, and their omission to make this inquiry, coupled with the fact that Mrs. Miller alleged at the time that the judgment was not a lien on her property, suggests that she may have desired to buy the property without reference to the question of the lien of the Piatt judgment. However this may be, we have not found anything in the testimony which would have justified the court in entering a decree for cancellation and rescission under the rule as to the weight of evidence. It is contended,

however, that even if there was a failure to establish a case of fraud, that the testimony warranted a finding of mutual mistake by the parties through which the plaintiff was entitled to the relief prayed for. There are two objections to this part of the plaintiff's case : (1) It is not pleaded and (2) it does not appear from the evidence that there was, in fact, a mutual mistake. It is a rule of equity pleading that every averment necessary to entitle the plaintiff to the relief sought must be set forth in the bill and is not to be supplied by inference : Brinkerhoff v. Brown, 4 Johns. Ch. 671 ; Wright v. Dame, 39 Mass. 55 ; Boone v. Chiles, 35 U. S. 177. Material facts must be so clearly stated as to be put in issue. A party is not permitted to state one case in a bill and make out a different one by his proofs. That which is not within the allegation of the litigants is not to be acted upon by the court. The only ground of complaint expressed is the fraudulent misrepresentation made by the defendant which was the inducement to the plaintiffs' action. It is nowhere suggested in the bill, directly or inferentially, that the act which the plaintiffs seek to undo resulted from a mutual mistake. It may be true, as claimed by the plaintiffs, that they proceeded under the belief that the defendant's judgment was a lien on Mrs. Miller's land, but the defendant positively denied that he made any such claim. On the contrary, he testified that he had not examined the record, and did not know what the fact was, and there is no evidence tending to show that he mistakenly believed that he had acquired title to Mrs. Miller's property by virtue of the sheriff's sale. The assignments of error only controvert the soundness of the conclusions of the court below on the questions of fact presented. The appeal is from the refusal of the court to continue a preliminary injunction. We are not called upon, therefore, to enter into an elaborate discussion of the evidence in the case. Under all of the authorities the findings of fact will not be disturbed where, as in this case, the testimony is conflicting and the allegations of the bill are not sustained by clear and satisfactory evidence.

The decree is affirmed.