# Summers *v.* Shryock, Appellant.

*Equity—Equity pleading—Bill for cancellation of deed—Fraud.*

1. A complainant in a bill in equity can be afforded such relief only as he is entitled to under the allegations of the bill.

2. Where a bill in equity for the cancellation of a deed charges fraud and the proofs fail to show any fraud, the court should dismiss the bill and not decree that the defendant should account, because he admitted in his answer that the property in question was conveyed as collateral security for a debt.

Argued Dec. 15, 1910. Appeal, No. 243, Oct. T., 1910, by defendants, from decree of C. P. No. 5, Phila. Co., March T., 1909, No. 5,324, on bill in equity in case of Hannah E. Summers et al. v. William A. Shryock, Virginia S. Shryock and Virginia S. Shryock, executrix of the estate of William K. Shryock, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Bill in equity for the cancellation of a deed.

RALSTON, J., found the facts to be as follows:

The plaintiffs are the heirs of George E. Summers, deceased, who died intestate on May 10, 1905. On December 9, 1898, George E. Summers by deed conveyed his interest in a property No. 1,028 Waverly street to William K. Shryock. The complainants in their bill allege that this conveyance was procured by fraud, but the proofs fail to sustain the allegation. On the contrary, the evidence shows that the deed was executed with full knowledge and understanding of its contents, and that Mr. Shryock, the grantee, since deceased, acted in a perfectly honorable and upright manner. The proofs failing to support the complainants' allegations, the bill should be dismissed, were it not for the fact that the defendants in their answer aver that the property in question was conveyed to William K. Shryock as collateral security for a debt due to him by George E. Summers; that Mr. Shryock was to collect the rents of the property, sell it if possible and reimburse himself for his debt; and pay back to Summers any balance remaining after a sale. The defendants state that the net receipts from the property have not equaled the amount of the debt, and that the property has not been sold, because Summers had only an undivided interest in it and a purchaser could not be found. From the answer it appears that the complainants are entitled to know the state of the account between Summers, the decedent, and the defendants.

The defendants appear to have no objection to stating

an account, if a bill were filed for that purpose, but they do object to an account being ordered in the present proceedings, because the plaintiffs have alleged fraud and have not proved it, and consequently if relief be granted it might appear that the allegations of fraud were sustained, and thereby reflect upon the character of William K. Shryock, who is now dead.

The court is of opinion that it would be a hardship upon the plaintiffs to compel them to file another bill, and that since it appears from the answer that an account should be stated by the defendants, a decree to that effect ought to be entered. In ordering the account, the court repeats that there is no evidence of fraud, and that there is nothing whatever in the testimony which warrants any reflection upon the character or integrity of William K. Shryock, esquire, or any of the other defendants, and that the account is ordered by reason of the averments of the answer and not because of the allegations of the bill.

A decree for an accounting will be prepared and submitted by counsel.

*Error assigned* was decree directing an accounting.

*Henry Spalding*, with him *David N. Fell, Jr.*, for appellants.—The fundamental rule that the allegata and probata must agree is as strictly enforced in equity as at law. The court below disregarded this rule, stating that it would be a hardship upon the plaintiffs to compel them to file another bill. This was clear error and warrants reversal: Gravenstine's App., 49 Pa. 310; Delaware & Hudson Canal Co. v. Penna. Coal Co., 21 Pa. 131; Thompson's App., 126 Pa. 367; Luther v. Luther, 216 Pa. 1; Bishop v. Buckley, 33 Pa. Superior Ct. 123; Miller v. Piatt, 33 Pa. Superior Ct. 547.

*John W. Parks*, for appellees, cited: Gay v. Chambers, 37 Pa. Superior Ct. 41; Stitzer v. Fonder, 214 Pa. 117; Fischer v. Riehl, 219 Pa. 505; Patterson v. Silliman, 28 Pa. 304; Koons v. Bute, 2 Phila. 170; Dampf's App., 106 Pa. 72.

OPINION BY RICE, P. J., March 3, 1911:

This case, upon the pleadings and proofs, is clearly and concisely stated in the findings of the learned trial judge. But in order to show the question involved and the grounds of our decision, certain features of the case, as shown by his findings, ought to be prominently brought into view, even though this results in repetition. First, the main object of the bill was the cancellation of a deed of conveyance. Second, the allegation upon which the jurisdiction of the court of equity was invoked was, that the deed was procured "by fraud, misrepresentation and deceit." Third, the evidence not only failed to sustain the allegation, but showed to the satisfaction of the trial judge that the deed was executed with full knowledge and understanding of its contents, and that the grantee, since deceased, acted in a perfectly honorable and upright manner. Fourth, it was alleged in the answer, that the property was conveyed to the grantee as collateral security for a debt due to him by the grantor; that the grantee was to collect the rents, sell the property, if possible, and reimburse himself for his debt and pay the balance, if any, to the grantor; that the net receipts from the property have not equalled the debt, and the property has not been sold, because a purchaser could not be found. But for this allegation of the answer the learned judge would have dismissed the bill. He held, however, that because it showed that the plaintiffs were entitled to know the state of the account, a decree to that effect should be made. · This is very clearly shown by the following extract from his findings: "In ordering the account, the court repeats that there is no evidence of fraud, and that there is nothing whatever in the testimony which warrants any reflection upon the character or integrity of William K. Shryock, Esq., or any of the other defendants, and that the account is ordered by reason of the averments of the answer and not because of the allegations of the bill."

It will be seen from the foregoing statement, that the plaintiffs' case failed, not only as to the principal object

of the bill, namely, cancellation of the deed, but also as to the particular head of equity jurisdiction, namely, fraud, under which the bill was filed. This being so, we are of opinion that, under a proper application of well settled principles of equity pleading, the bill should have been dismissed. This conclusion is fully sustained by the authorities cited in the appellants' brief. In Story's Equity Pleadings, (10th ed.) sec. 257, it is stated "that every fact essential to the plaintiff's title to maintain the bill, and obtain the relief, must be stated in the bill, otherwise the defect will be fatal. For no facts are properly in issue unless charged in the bill; and of course no proofs can be generally offered of facts not in the bill; nor can any relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence; for the court pronounces its decree secundum allegata et probata." The relief to be granted under a prayer for general relief "must not only be consistent with the specific relief demanded, but must be sustained by the case made by the bill; and the allegations relied upon must not only be such as to afford a ground for the relief sought, but they must appear to have been introduced into the bill for the purpose, and not for the purpose of corroborating the plaintiff's right to the specific relief prayed; otherwise the court would take the defendant by surprise, which is contrary to its principles:" Delaware & Hudson Canal Co. v. Penna. Coal Co., 21 Pa. 131. In Gravenstine's Appeal, 49 Pa. 310, it is said: "It requires no citation therefore of authorities to establish the position, that if a complainant in equity cannot sustain the ground of his bill, he is not entitled to the relief prayed. As at law, so in equity, the allegata and probata must agree, where proof is required and necessary." The suggestion in the appellees' brief, that most of the citations of principles relied upon in the appellants' paper-book have been either repealed by statute or modified by later decisions, is wholly unsustainable, as will be seen by the enunciation of these principles by the Supreme Court in the late case of Luther v. Luther,

216 Pa. 1, where Justice BROWN said: "The relief afforded by a decree in equity must conform to the case as made out by the pleadings as well as to the proofs. Every fact essential to entitle a plaintiff to the relief which he seeks must be averred in his bill. Neither unproved allegations nor proof of matters not alleged can be made a basis for equitable relief. Relief cannot be granted for matters not alleged: 16 Cyc. of Law and Proc. 483. Neither allegations without proof nor proof without allegations, nor allegations and proof which do not substantially correspond, will entitle complainant to relief unless the defect be remedied by amendment: 1 Daniell's Ch. (6th ed.), 361, note. A complainant can be afforded such relief only as he is entitled to under the allegations of the bill: Marshman v. Conklin, 21 N. J. Eq. 546. The order or decree of a court of chancery should conform to the prayer in the bill: Horton's Appeal, 13 Pa. 67. A master who finds that there is nothing in the testimony to sustain a bill as it is filed, should report a decree dismissing it: Morio's Appeal, 4 Pennypacker, 398. Every averment necessary to entitle a plaintiff in equity to the relief sought must be contained in the stating part of the bill: Thompson's Appeal, 126 Pa. 367; Penna. Schuylkill Valley Railroad Co. v. P. & R. Railroad Co., 160 Pa. 277. Authorities need not be multiplied in support of the rule that the relief afforded by the decree must conform to the case as made out by the pleadings, and that it must be consistent with the relief prayed for." This statement of the general rules has been approved in the later case of Frey v. Stipp, 224 Pa. 390. And the general principles have been recognized and applied in our own cases of Bishop v. Buckley, 33 Pa. Superior Ct. 123, and Miller v. Piatt, 33 Pa. Superior Ct. 547, and Darlington v. Clemson, 41 Pa. Superior Ct. 309.

It is further suggested in the brief of appellees' counsel that the averment as to the deed being for collateral security, being new matter, ought to have been proved. We cannot see the force of this suggestion. Plaintiffs' case having failed by reason of there being no evidence to sus-

tain the allegation of fraud, the defendants were not called upon to go further and prove the allegations of new matter referred to.

The suggestion that it would be a hardship to require the plaintiffs to file a new bill if they desire an accounting, seems equally without force. The rules of equity pleading which, we think, compel a dismissal of the bill are not mere technicalities, but are based on sound principles which are at the very foundation of all pleadings.

The decree is reversed and the bill dismissed, at the costs of the appellees.