# Oster v. Brotherhood of Locomotive Firemen and Engineers.

## (No. 2.)

*Bill in equity—Amendment of bill after demurrer sustained—Practice—Equity Rules 35, 68 and 94.*

1. It is too late to supply by amendment a defect in a bill in equity after a demurrer has been sustained and the bill dismissed for such defect, without averring that, by the use of reasonable diligence, the defect could not have been remedied before the court passed on the question.

2. The dismissal of a bill in equity is a final decree, and while the court may strike off the order or reinstate it so as to permit its amendment, the court is not justified in so doing unless a good reason is shown.

3. Equity Rule 84 applies only where a decree is to be drawn containing some order made in compliance with the prayer of the bill.

Motion to amend. C. P. Lancaster Co., Equity Docket No. 6, page 467.

*B. F. Davis*, for plaintiff and motion.

*K. L. Shirk* and *John A. Coyle*, for defendant.

HASSLER, J., April 8, 1922.—On March 4, 1922, we sustained a demurrer to and dismissed plaintiff's bill. The reason we sustained it was because it is not alleged in the bill that the plaintiff gave the defendant company notice of her claim, as she was required to do in the certificate which was made part of her bill, but alleged that the defendant had waived the requirements of such notice or proof because it had paid the amount called for in the certifi-

2 D. & C.

cate to another person. The certificate referred to certifies that Anthony Oster was a member of the defendant association, and that upon his death, after proper proof, his widow, Frances Oster, by mistake (not Annie Katherine Oster), was to be paid the sum of $3000.

We are now asked to permit the bill to be amended by the addition of a paragraph, which alleges that she did give the required notice to the proper officials of the defendant association. She does not allege that, by the use of reasonable diligence, this could not have been inserted in the bill before we passed upon the merits of the demurrer.

We are of the opinion that the application is made too late. Rule 49 of the Equity Rules provides that the plaintiff may obtain an order to amend as a matter of right before the filing of the replication, but after the replication has been filed, it is necessary to allege that the matter of the proposed amendment could not, with reasonable diligence, have been sooner introduced into the bill. Rule 35 is as follows: "If, upon the hearing, any demurrer or plea shall be allowed, the court may, in its discretion, upon motion of the plaintiff, allow him to amend his bill upon such terms as it shall deem reasonable." This application is made after hearing and after the bill has been dismissed. The petitioner had notice in the demurrer that her bill was demurred to because she did not give this required notice. Apparently she or her counsel realized its importance, because it is alleged in the bill in substance that it was not necessary to give the notice because the defendant association had waived it by paying the money to another. She was willing to take her chances on this question before the court, and now it is too late for her to ask to have her bill amended, as the issue this raised has been decided against her and the bill is no longer in court. In Darlington v. Clemson, 41 Pa. Superior Ct. 309, where an application such as is made here was refused, the Superior Court, after quoting Rule 35, supra, said: "Here the plaintiff had notice from the assignment of reasons in support of the demurrer of the defects in the bill above referred to. He made no motion to amend, either before or after argument on the demurrer, or even after the final order had been made. He is not in position to question the discretion of the court, since he did not invoke the exercise of that discretion as the equity rules provide."

The application here was made after the final order, but not until after the plaintiff took her opportunity of having the question, which she and the attorney knew the importance of, decided, and that decision was against her.

It is argued that the bill remains in court to permit exceptions, and that no final decree dismissing it can be entered until such exceptions are heard and disposed of. Rule 84 of the Equity Rules provides that a decree shall be drawn by the solicitor of the party in whose favor it is entered, who shall submit a copy to the opposite party, but the court may direct the decree to be entered forthwith without further notice should they think the justice of the case requires it, or when the solicitor of the opposite party is present and does not object to the form of it. We decided in Sweigart v. Sweigart, 33 Lanc. Law Rev. 278, that this Rule 84 applies only where a decree is to be drawn containing some order made in compliance with the prayer of the bill. In Kelsey v. Murphy, 26 Pa. 78, it is decided, on authority of many cases there cited, that the dismissal of a bill upon its merits is a final decree attended with the usual consequences of all final decrees. In Rider v. Water Co., 242 Pa. 141, it is decided that courts can prepare and enter decrees notwithstanding Rule 84. Rule 68 of the Equity Rules, we think, also shows that the dismissal of a bill is a final decree, without the necessity of doing anything more.

Our order, therefore, dismissing the bill is a final decree, and while it is within our power to strike off the order dismissing the bill and to reinstate it so as to permit its amendment, we are unable to find a case that holds that the court is justified in doing this unless the party applying for the amendment shows a good reason for it. In Darlington v. Clemson, 41 Pa. Superior Ct. 309, where the plaintiff asked to amend his bill after a demurrer had been sustained, the court decided that it should not be allowed under circumstances similar to those in this case. The court said: "He is not in position to question the discretion of the court, since he did not invoke the exercise of that discretion as the equity rules provide." In Conrad v. O'Boyle, 51 Pa. Superior Ct. 467, a demurrer to a bill was sustained without any formal dismissal of it. The plaintiff made application to the court to amend his bill. Judge Head said: "It would seem absurd to say that after a court had dismissed a bill it could then properly make an order permitting the amendment of the dismissed bill." No good reason has been given why the amendment asked for should be allowed, and we, therefore, refuse to allow it and discharge the rule to show cause why it should not be done.

Rule discharged.

From George Ross Eshleman, Lancaster, Pa.