## Mansfield Iron Works *versus* Willcox.

52 377
19 SC 481

1. A judgment was recovered against an insolvent company incorporated under the Manufacturing Laws; afterwards suit was brought against its stockholders without joining the company; the judgment recovered by plaintiff was reversed for the non-joinder. On a subsequent trial the court permitted the name of the company to be added; the judgment recovered by the plaintiff on this trial was sustained by the Supreme Court.

2. Hereafter in cases under this law, when it is intended to charge stockholders, they or a portion of them must be joined with the company.

ERROR to the Court of Common Pleas of *Tioga county.*

This was an action of *assumpsit*, commenced January 1st 1861, by Lester Wilcox, George T. Perry and John Ecker, trading as Willcox, Perry & Ecker, against Joseph H. Hoard, Joseph P. Morris, DeWitt C. Holden, James Lowry, William Bache and Thomas L. Baldwin, stockholders in the Mansfield Iron Works. The suit was brought under the Manufacturing Law of April 7th 1849, and its supplements. The plaintiff had previously brought suit against the Mansfield Iron Works on a note and recovered judgment, but realized nothing from an execution on the judgment. They then commenced this action on the same note, and obtained a verdict and judgment, which was reversed, because the Mansfield Iron Works was not joined (see Hoard *v.* Willcox, 11 Wright 51).

After the *remittitur*, the court below, against the protest of the defendants, allowed the record to be amended by adding the "Mansfield Iron Works," and permitted an amended declaration, to correspond with the parties, to be filed. The Mansfield Iron Works pleaded "former recovery," to which the plaintiff demurred, and had judgment on the demurrer.

On the trial, before White, P. J., the defendants asked the court to charge, "that the Act of April 7th 1849, relating to 'manufacturing companies,' together with the several supplements thereto, was not intended to create a primary liability of the company and a secondary liability of the stockholders, as far as relates to the form of action, but simply to give the right to a creditor, where suit is brought against a company, of joining one or more of the stockholders, and makes their liability depend upon the solvency of the company, to be determined by the issuing an execution and a return of no goods, and that the plaintiffs having recovered judgment against the company alone for the whole amount claimed in this case, no subsequent action can be maintained against the stockholders.

"2d. That if any right of action against the stockholders remains to plaintiffs after having obtained judgment against the company alone for the whole amount of their claim, it must be enforced by a joint or several suit against the stockholders, and that the plaintiffs having recovered judgment in this case against the company for the whole claim, and having brought suit in this case against

more than one and less than the whole number of stockholders, cannot recover."

The court negatived these points, and the jury gave the plaintiff a verdict for $800.46.

Negativing the points was assigned for error.

*Patrick*, for plaintiffs in error, cited Patterson v. Wyomissing Manufacturing Co., 4 Wright 123 ; Hoard v. Willcox, 11 Id. 51.

*H. Sherwood* and *C. H. Seymour*, for defendants in error, cited Act of May 4th 1852, Purd. 47 ; Kaylor v. Shaffner, 12 Harris 489 ; Druckenmiller v. Young, 3 Casey 97 ; Willcox v. Hoard, 11 Wright 50 ; Hellings v. Wright, 2 Harris 373 ; Ward v. Stevenson, 3 Id. 21 ; Getty v. Shearer, 8 Id. 14 ; Downey v. Garard, 12 Id. 52 ; Shriner v. Keller, 1 Casey 63 ; Everhart v. Railroad Co., 4 Id. 339 ; Rangler v. Hummel, 1 Wright 130 ; Wilson v. Mechanics' Saving Bank, 9 Id. 488 ; Act of April 1849, § 23, Purd. 694 ; Patterson v. Wyomissing Manufacturing Co., 4 Wright 122 ; 1 Greenl. Ev., § 539 ; Anderson v. Neef, 8 Casey 379 ; White v. Smith, 9 Id. 186 ; 1 Greenl. Ev., § 523 ; Wilson v. The Stockholders of the Pittsburgh and Youghiogheny Coal Co., 7 Wright 424.

The opinion was delivered October 17th 1866.

PER CURIAM.—When this case was here before (see 11 Wright 51) we agreed that there was error in proceeding against the stockholders without joining the company. That the judgment against the company alone proving unavailing to the creditor, would not authorize him to proceed against the stockholders alone. We held that this was not the remedy provided by the statute ; both ought to be joined, or at least a portion of the stockholders, with the company, and then the order of liability would be regulated by the act. There had been a common-law judgment against the company in the case, and it was contended that as no other action could be maintained against it, and that as the stockholders could not be sued unless the company was joined, therefore the plaintiff's claim was gone by reason of the original non-joinder. This presented a technical difficulty, and being unwilling that the creditors should be deprived of the security which the statute afforded, we suggested an amendment (the case going back for retrial) introducing the company as a co-defendant, with averments in the *narr.* to show that the common-law judgment against the company was to be the basis of the judgment against it under the statute in connection with the stockholders. We assimilated this with an action of debt on a judgment. Our suggestion was adopted, and now there is a judgment against both the corporation and stockholders sued

[Mansfield Iron Works *v.* Willcox.]

just as the act provides, and we are asked to reverse it because of technical difficulties. It is admitted that the practice under the Act of 1849, and supplements, adopted in Patterson *v.* The Wyomissing Manufacturing Co., 4 Wright 117, and followed in this case, 11 Wright 51, is illogical and inconvenient, and that a better practice should be adopted; but this is a mere matter of practice, and in admitting this much, we do not intend to be held as acknowledging the positive error in view of the provisions of the statute which would demand the reversal of this judgment and the defeat of the creditors without touching the merits of their case. This would be yielding to form what should only be conceded to justice. We do not, therefore, overrule what we did in this case and in the case preceding it, but we wish the profession in the future in all cases under the Manufacturing Act of 1849 to understand that where they intend to hold the stockholders for debts due by the company, to join them, or a portion of them at least, in their action against the company. If the company is of sufficient ability to pay, it can do them no harm, for their liability to make satisfaction is only secondary under the statute. A common-law action will lie, of course, against the company, and if there be no doubt of its ability to respond to the demands of the execution, in that case there would be no necessity for joining stockholders. But this is a risk which, if intelligently taken, may hereafter be without remedy if it should turn out differently. We wish to conform the practice as near to the act as possible; hence we make these suggestions, seeing no sufficient reason for reversing the judgment in any of the assignments of error on the record. In the circumstances of it, it is affirmed.