# Bower, Appellant, v. Cyano Chemical Company.

*Corporations—Liability of stockholders for work or labor—Statute of limitations—Acts of April 29, 1874, P. L. 73, and April 17, 1876, P. L. 30.*

Under sections 14 and 15 of the Act of April 29, 1874, P. L. 73, as amended by the Act of April 17, 1876, P. L. 30. the right of action against individual stockholders, for work or labor done for a corporation, arises when the debt becomes due by the corporation, and when suit can be brought against the latter it can be brought at the same time against the former. The statute of limitations therefore begins to run in favor of the stockholders, at the time the debt becomes due by the corporation, and if suit is not brought within six months from that time, the claim against the stockholders is barred.

Argued Feb. 12, 1902. Appeal, No. 10, Feb. T., 1901, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1900, No. 476, on case stated in suit of John F. Bower v. Cyano Chemical Company and John H. Hayes. Before RICE. P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

34    BOWER, Appellant, *v.* CYANO CHEMICAL CO.

Statement of Facts—Opinion of the Court. [20 Pa. Superior Ct.

Case stated to determine the liability of a stockholder for work and labor done for a corporation.

The opinion of the Superior Court states the case.

The court below in an opinion by MITCHELL, P. J., entered judgment against the Cyano Chemical Company alone for $51.99.

*Error assigned* was the opinion of the court.

*H. T. Ames*, of *Ames & Hammond*, for appellant.—The personal liability of the stockholder cannot be enforced until the assets of the corporation, which as the primary debtor, are exhausted: Means's App., 85 Pa. 75; Craig's App., 92 Pa. 396; National Loan & Building Assn. v. Lichtenwalner, 100 Pa. 100; Mansfield Iron Works v. Willcox, 52 Pa. 377; O'Reilly v. Bard, 105 Pa. 569; Lane's App., 105 Pa. 49.

*Otto G. Kaupp*, for appellees.—The claim was barred by the statute: Terry v. Anderson, 95 U. S. 628; Swearingen v. Sewickley Dairy Co., 198 Pa. 73; Cornell's App., 114 Pa. 153; Barton v. Barbour, 104 U. S. 126; Anderson v. Buffalo, etc., R. R. Co., 2 Pa. C. C. Rep. 40; Robinson v. Atlantic, etc., R. R. Co., 66 Pa. 160; Moyer v. Pennsylvania Slate Co., 71 Pa. 294.

OPINION BY BEAVER, J., April 21, 1902:

The provisions of the general corporation act relating to the liability of stockholders are found in sections 14 and 15, Act of April 29, 1874, P. L. 73. Section 14 provides that " The stockholders in each of said corporations shall be liable in their individual capacity to the amount of stock held by each of them for all work or labor done or materials furnished to carry on the operations of each of said corporations," etc. The Act of April 17, 1876, P. L. 30, amends this section by omitting the words " or materials furnished," but does not change the provisions of the original act as to liability for work or labor done. Section 15 provides for the manner in which the individual liability aforesaid is to be enforced. It is evident, from a careful reading of this section, that the action or bill in equity through which the liability may be enforced can be brought at

any time for the liability of the corporation and that an individual stockholder or stockholders may be joined therein, but it also provides that execution upon the judgment obtained shall be first levied on the property of the corporation, etc. The section closes as follows : "But no stockholder shall be personally liable for payment of any debt contracted by any such corporation, unless suit for the collection of the same shall be brought against such stockholder or stockholders within six months after such debt shall have become due."

The second paragraph of the case stated, under which the single question for our consideration arises, states all the facts necessary to its understanding as follows : "2. That there was a balance due John F. Bower for work and labor done to carry on the operations of the said Cyano Chemical Company from September 1, 1896, to October 11, 1897, of $51.99, which was due and payable to the said John F. Bower October 11, 1897, by the Cyano Chemical Company, and for the recovery of which said plaintiff brought suit against said defendants March 26, 1900, before J. F. Moorehead, alderman." It is herein stated as a fact that the debt for which suit was brought against the individual stockholders was due and payable to the plaintiff October 11, 1897, by the company. The appellant thus states the question involved: "Is the cause of action barred within six months from the date when the right of action accrues against the corporation, the principal debtor, or not until six months from the date when it is finally determined that the corporation, the primary debtor, is insolvent?" The act of assembly does not fix two dates at which the debt becomes due. The right of action against individual stockholders unquestionably arises when the debt becomes due by the corporation. When suit can be brought against the latter, it can be brought at the same time against the former. Any other construction of this part of section 15 would render meaningless the previous provisions in regard to judgment and execution. A debt is due when it ought to be paid or when it may be demanded: 1 Bouvier, 621. The debt was due and payable October 11, 1897. Suit was not brought until March 26, 1900, more than six months after the debt became due. The right to enforce the liability of the individual stockholder provided for in the 14th section of the act was, therefore, gone, under the limita-

tion provided in the 15th section.    Reading these two sections together, the intent of the legislature is perfectly plain, and inasmuch as the statute provides an extraordinary remedy, it is to be strictly construed.    None of the cases referred to by the appellant in his argument are in any way contrary to this view.    We are entirely satisfied that the judgment of the court below is correct, and without repeating the arguments upon which that conclusion rests, we decide that the judgment should be, as it now is, affirmed.