Edwards v. Ely and Ely, Appellants.

510

Argued April 18, 1933.

Before TREXLER, P. J., KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Fred B. Trescher* of *Kunkle, Walthour & Trescher,*
for appellants.

*R. E. Best* of *Smith, Best & Horn,* for appellee.

OPINION BY STADTFELD, J., October 2, 1933:

This was an action of assumpsit brought on July 23,
1927 by Thomas E. Edwards against the executors of
the estate of Charles F. Ely, deceased, wherein plain-
tiff alleges that he was a co-obligor with defendants'
testator on a certain promissory note executed and de-
livered on or about December 4, 1922 unto the Barclay-
Westmoreland Trust Company of Greensburg, Penn-
sylvania, to secure the payment of $3,000 with interest;

that prior to the death of the said Charles F. Ely on March 29, 1923, neither the plaintiff nor the said Charles F. Ely paid anything on account of the debt secured by the said note or interest upon the same; that since the death of the said Ely plaintiff paid the full amount of the indebtedness secured by the said obligation unto Barclay-Westmoreland Trust Company, together with costs upon the same, amounting in all to $3,598; that by reason of said payment by plaintiff he is entitled to recover from defendants the one-half of said indebtedness, the sum of $1,799 with interest from July 20, 1927.

The defendants, executors of the last will and testament of Charles F. Ely, deceased, filed an affidavit of defense on September 14, 1927, averring that at the time of the execution of the note to the Barclay-Westmoreland Trust Company, Charles F. Ely was the holder of a certain mortgage given by the Union Fuel Company to Mason R. Welty, dated May 21, 1917, duly recorded in the recorder's office of Westmoreland County, and that on December 4, 1922, he assigned the unpaid balance of said mortgage, to-wit: $3,000, with interest from December 4, 1922, to the Barclay-Westmoreland Trust Company as collateral security for the payment of said note; that plaintiff, Edwards, had wrongfully procured the assignment of said mortgage to himself on July 20, 1927; that he had paid only the sum of $3,082.25, and was not entitled to hold the mortgage and at the same time compel contribution from the Ely estate.

On November 18, 1927, the executors, defendants in this case, filed a bill in equity against Edwards, plaintiff herein, averring the facts set forth in this suit, and, in addition that they had tendered to the said Edwards one-half of the debt and interest on the note in question, together with the costs in this action of assumpsit, and at the same time requested an assign-

ment of the mortgage and praying the court to fix the amount that the executors should pay Edwards on account of the note. To this bill an answer was filed alleging that Ely had no right, title, claim or interest in and to the bond or mortgage, or the debt secured thereby, and that the same had been acquired from Welty with the proceeds of the loan secured by Ely and Edwards jointly.

The two cases were heard together without a jury by COPELAND, P. J., who made findings and entered judgment in favor of plaintiff, Edwards, in this action, in the sum of $1,719 with interest from July 20, 1927 and dismissed the bill of complaint in the equity proceedings. An appeal was taken by the executors in each case.

In the equity proceeding the lower court held that the question of contribution could be determined in the action of assumpsit, but that Edwards having acquired the mortgage for value by purchase at public sale, the estate of Ely was not entitled to an assignment thereof or of any interest therein, and therefore directed a dismissal of the bill. We have this day filed an opinion in the appeal from the decree in the equity case wherein we held, reversing the court below, that the estate of Ely is entitled to an assignment of an undivided one-half interest in the mortgage and the bond secured thereby, upon payment of the judgment debt, interest and costs, in the action of assumpsit, plus one-half of the amount paid by him at the sale of the mortgage. For a fuller discussion of the facts, reference is had to said opinion which is made a part hereof.

We agree with the court below that the equities can be enforced in the action at law. This is clearly set forth in the case of Friedman et al. v. Maltinsky, 260 Pa. 312, 317, wherein the court, in an opinion by Mr. Justice WALLING, says: "While in general equity has

jurisdiction to enforce contribution among those jointly liable, such jurisdiction is not exclusive, especially where the right grows out of a contract express or implied. 'The right to contribution in such case is founded upon equitable principles and was originally enforceable only in a court of equity. Now, however, it may be enforced in a court of law, if a contract to make contribution can be implied from the circumstances which create the common liability, as where one of two sureties is compelled to discharge their mutual undertaking to answer for the default of their principal: Shillito v. Shillito, 160 Pa. 167, 170.' ''

In this action plaintiff claims not only one-half of the amount of debt and interest paid by him to the trust company, on account of the mortgage, to wit: $3,438, but also one-half of the amount, to wit: $160, paid by him in the purchase of the mortgage at public sale. In so claiming contribution by reason of the payment of the latter sum, he recognized that the purchase of the mortgage was in trust for himself and the estate of Charles F. Edwards, deceased. The court below, however, disallowed contribution by reason of said payment. In this the court erred. The judgment should be modified by the addition of $80, being one-half of the $160 so paid.

Plaintiff is entitled to recover in contribution the amount of the judgment entered on the findings in this case, modified as above indicated, but defendants are entitled upon the payment of the same, with interest and costs, to an assignment to them by plaintiff of an undivided one-half interest in the mortgage and the bond secured thereby. Subject to this condition the assignments of error are overruled, the judgment affirmed, and the record is remitted to the lower court with directions to enter an order accordingly.