Eiffert, Appellant, *v.* Pennsylvania Central Brewing Company (et al., Appellants.)

544

Argued March 4, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*J. Don Reifsnyder,* of *Stark, Bissell & Reifsnyder,* with him *J. Julius Levy,* for appellant, No. 3 and for appellees, Nos. 8 and 9.

*C. P. O'Malley,* of *O'Malley, Hill, Harris & Harris,* with him *Casey & Casey,* for appellants, Nos. 8 and 9.

*Laurence F. Casey,* of *Casey & Casey,* with him *O'Malley, Hill, Harris & Harris,* for appellees, No. 3.

OPINION BY PARKER, J., October 3, 1940:

Plaintiff, on March 26, 1935, brought an action in assumpsit against Pennsylvania Central Brewing Company and certain shareholders of that corporation under the provisions of §514 of the Business Corporation Law of this Commonwealth (Act of May 5, 1933, P. L. 364, printed in the margin,[1] since amended by Act of July 17,

---

[1] "A. A shareholder of a business corporation shall not be personally liable for any debt or liability of the corporation, except salaries and wages due and owing to its laborers and employes, for services rendered to the corporation. In such event, every shareholder shall be personally liable in an amount equal to the value of the shares of the corporation owned by him, but no shareholder shall be so liable unless suit for the collection of such salaries and wages shall be brought against him within six months after the same shall become due. The term value, as used in this subsection, shall mean, in the case of shares with par value, the aggregate par value of such shares, and, in the

1935, P. L. 1123, 15 PS §2852-514) for $1,156.76, wages claimed to be due from the corporation from January 8, 1934, to December 22, 1934. The action is one of 197 suits involving the same questions, in 67 of which cases the appellant stockholders are named as defendants. The trial judge directed a verdict for plaintiff for $444.23, refusing plaintiff's motion for binding instructions for $889, and refusing defendants' motion for binding instructions in their favor. The case comes into this court on cross appeals from the refusal of motions for judgment n. o. v. by plaintiff and by the defendants who are shareholders in the Brewing Company. The court in banc entered judgment on the verdict. There are no disputed facts affecting the questions presented to us. The appeals were consolidated by order of this court and will be considered in one opinion.

On December 18, 1934, the Brewing Company filed, in the United States District Court for the Middle District of Pennsylvania, its petition for reorganization under the provisions of paragraph 77-B of the federal Bankruptcy Act, and on December 22, 1934, that court issued an order approving the filing of the petition, appointing trustees for the company, and restraining all persons from suing, instituting, or prosecuting any actions or proceedings against the Brewing Company

---

case of shares without par value, the consideration received by the corporation on the original issue of such shares.

"B. In any action brought to enforce the liability imposed by this section upon shareholders, the plaintiff may include as defendants the corporation and any one or more shareholders of such corporation claimed to be liable therefor. Service of summons or other process may be made upon the stockholders resident within such county in the same manner as writs of summons are now directed to be served, and upon those residing in other counties of this Commonwealth by the sheriff of the county in which they may respectively reside, and upon those nonresidents of this Commonwealth in such manner as the court may direct. If judgment be given in favor of the plaintiff for his claim, or any part thereof, the judgment shall be given against

and from filing or entering judgments or levying or proceeding with executions against the property of the petitioner. On June 11, 1935, the district court modified its order of December 22, 1934, so that salary and wage claimants were given leave to bring suit against the corporation either as sole defendant or as defendant with other parties, provided that the order should not be construed to authorize the issuance of any execution against the bankrupt.

The Brewing Company was incorporated August 23, 1897, under the General Corporation Act of April 29, 1874, and amendments, with capital stock of $5,600,000. The company had 214 shareholders, 73 of whom are nonresidents of Pennsylvania residing in ten different states.

The appellant shareholders now contend that §514 is unconstitutional and that there can be no recovery by plaintiff. They first say that that section violates §9, Article I, of the Constitution of Pennsylvania and the 14th Amendment to the federal Constitution in that it "arbitrarily selects one or more stockholders upon whom is cast the entire wage debt of the corporation without an effective remedy of contribution from other stockholders similarly situated towards the corporation and its wage debt." Their argument, for the most part, is

---

the corporation and any shareholders found liable. The execution upon such judgment shall be first levied on the property of the corporation within the Commonwealth, and in case such property, sufficient to satisfy the judgment, cannot be found, then execution shall be levied on the property of such shareholders for the deficiency, or so much thereof as the shareholder defendants in such judgment shall be liable to pay. The shareholders who satisfy any judgment, or any part thereof, shall be entitled to contribution from the corporation in the first instance, and if contribution is unobtainable from the corporation, then pro rata from the other solvent shareholders originally liable for the claims on which the judgment was obtained."

The sole change made by the amendment of 1935 was to substitute "shareholder" for "stockholder" where that word is used.

based on the contention that the remedy of contribution afforded them by the statute is not a proceeding appropriate to the character of the particular case. In their brief they thus summarize their position: "It should be noted that the appellants are not here questioning the justice or the fairness of the statutory liability for the corporate wage debt; but it is strongly urged that any law, such as is now questioned, the inevitable operation of which allows one or more shareholders to be arbitrarily singled out and to be deluged with a multiplicity of actions and the heavy costs thereof, and finally denies to such shareholders an effective, adequate remedy of contribution from other shareholders, as contemplated by the act, is a denial of the equal protection of the laws, and a taking of property without regard to the fundamental principles of natural justice and fairness embodied in the constitutional requirement of due process of law."

The attack on the constitutionality of this legislation is directed against its procedural rather than its substantive features. More emphasis is placed on the provisions that deal with contribution than on those having to do with the original action by the creditor. Are the defendants deprived of their property without observing the "law of the land" or without "due process of law"? The terms "law of the land" and "due process of law" are legal equivalents: *Palairet's Appeal*, 67 Pa. 479. Chief Justice MOSCHZISKER, in *Kariher's Petition (No. 1)*, 284 Pa. 455, 470, 131 A. 265, stated the requirements of due process of law as follows: "There must be notice, an opportunity to present one's cause, a proceeding appropriate to the character of the particular case, and an adjudication of the same nature as is present in other cases ...... The Fourteenth Amendment to the Federal Constitution does not undertake to control the power of the State to determine by what process legal rights may be asserted or legal obligations

enforced, or what form procedure and practice shall take, so long as the above elements are present: *Iowa Central Ry. Co. v. Iowa,* 160 U. S. 389, 393 [16 S. Ct. 344]; *Louisville & Nashville R. R. Co. v. Schmidt,* 177 U. S. 230, 236 [20 S. Ct. 620]."

"The due process clause does not impose upon the states a duty to establish ideal systems for the administration of justice with every modern improvement and with provision against every possible hardship that may befall": *Ownbey v. Morgan,* 256 U. S. 94, 110, 41 S. Ct. 433, 438. While it would have been to the advantage of the appellants to have had all other shareholders joined with them, the absence of such a requirement is not peculiar to this statute and is not contrary to prevailing practice. Tort actions are frequently brought against a municipality which is only secondarily liable without joining the property owner who is primarily liable. One of the purposes of the legislation was to afford wage earners a speedy method of collecting their claims. They would be seriously delayed in securing satisfaction if they were compelled to ascertain the identity and residence of all the shareholders of a company and join them in a single action. However, the shareholders were at liberty to bring in such other shareholders as were equally responsible with them. They had ready access to the books of the company where they could learn the identity of the other shareholders and probably their addresses. They then had available the Scire Facias Act of 1929 with its amendments (12 PS §141). Taking this into account, this feature of the act was certainly not in violation of the law of the land or the due process clause.

We find no discrimination between appellants and other shareholders in this corporation which violates the equal protection clause of the 14th Amendment to the federal Constitution. Appellants happen to have been chosen by a wage claimant as defendants in this

suit. In so providing, the appellants are treated in the same manner as are all other stockholders and, in addition, they assented to the remedy when they became stockholders. "Differences due to voluntary action and diverse individual choices constantly arise under equal laws": *St. Louis & K. C. L. Co. v. Kansas City*, 241 U. S. 419, 36 S. Ct. 647, 651.

This brings us to a consideration of the features of the section dealing with the right of contribution. In *Armstrong Co. v. Clarion Co.*, 66 Pa. 218, 221, the Supreme Court quoted with approval the language of LORD CHIEF BARON EYRE in *Dering v. Earl of Winchelsea*, 1 Cox 318: "Contribution is bottomed and fixed on general principles of natural justice, and does not spring from contract." Also, see *Miller v. Home Ins. Co.*, 108 Pa. Superior Ct. 278, 284, 164 A. 819; *Parker v. Rodgers*, 125 Pa. Superior Ct. 48, 189 A. 693. This statement is sometimes misconstrued. It does not mean that the right to contribution cannot be based on a contract, but merely that it may arise independently of any contract: 13 Am. Jur.—Contribution, §4. It may be qualified or controlled by agreement: Annotation, 64 A. L. R. 2210. In this statute the general right which would otherwise be possessed is qualified by the requirement that recourse shall be first had to the corporation which is primarily liable. The defendant shareholders became holders of the corporate stock which ownership gave rise to this action before the passage of the Act of 1933, but that act was in substance a re-enactment of §§14 and 15 of the General Corporation Act of April 29, 1874, P. L. 73. The original law of 1874 is to be construed "as continued in active operation": Statutory Construction Act of May 28, 1937, P. L. 1019, §§81, 82 (46 PS §§581, 582). The statutory duty of contribution became part of a contract between the shareholders, they having become shareholders with full knowledge of the liabilities created by the statute.

We find nothing in this feature of the act tending to show that the remedy was so arbitrary and unreasonable as to deprive the appellants of their property without due process of law.

Even on broader grounds the reasonableness and the fairness of the law is shown. Appellants contend that the remedy furnished is not a proceeding appropriate to the character of the particular case. If the defendant shareholders should pay the judgment and cannot secure reimbursement from the corporation, they may then proceed against the other shareholders for contribution; they may make all such persons defendants, and if they proceed by bill in equity the rules would seem to require that they make all such persons defendants.

While we find no Pennsylvania cases directly in point, the appellants would probably be allowed to recover a ratable proportion from the solvent shareholders within the jurisdiction: 18 C. J. 1487; Restatement—Restitution, §85, comment (h).

After careful consideration of all the matters suggested by the able counsel for the defendants, we are of the opinion that this section is not unconstitutional in any respect that affects these defendants. Similar provisions have been found in our statutes for a century and we find no cases supporting the view that the constitutional rights of these defendants have been violated.

The plaintiff, in his appeal, complains of the refusal of the court below to enter judgment in his favor for $889, the amount due from the company for the six months preceding December 22, 1934, the date that the district court issued its injunction restraining suits against the bankrupt corporation. §514 of the Business Corporation Law provides that "no shareholder shall be so liable unless suit for the collection of such salaries and wages shall be brought against him within six months after the same shall become due." This suit was

not begun until March 26, 1935, and at that time there was due plaintiff for the six months' period from September 26, 1934, to March 26, 1935, the amount for which judgment was entered. Plaintiff concedes that if the bankruptcy of the corporation had not intervened and certain matters in connection therewith had not occurred, then the amount for which the court below entered judgment would have been the correct amount and all which he would have been entitled to receive from the shareholders. That such is the law we held in *Bower v. Cyano Chemical Co.*, 20 Pa. Superior Ct. 33, in construing §§14 and 15, Act of April 29, 1874, P. L. 73. That decision is applicable to §514 here involved: Statutory Construction Act, §52 (4), 46 PS §552.

To this plaintiff makes two answers. He first contends that the six months' limitation contained in §514 was suspended by §77-B (b) (10) of the federal Bankruptcy Act (11 USCA §207) which provides: "The running of all periods of time prescribed by any other provisions of this title, and by all statutes of limitations, shall be suspended during the pendency of a proceeding under this section."

While the bankruptcy act enacted by Congress was passed pursuant to Article I, §8, of the federal Constitution, we are all of the opinion that the provision of that act suspending the running of the statute of limitations was not intended to affect and does not affect such limitations as are contained in §514 of the Pennsylvania statute. "While state laws in conflict with the laws of Congress on the subject of bankruptcies are suspended, they are suspended 'only to the extent of actual conflict with the system provided by the Bankruptcy Act, of Congress'": *Chicago T. & T. Co. v. Forty-one Thirty-Six W. Bldg. Co.*, 302 U. S. 120, 126, 58 S. Ct. 125, 127. Also, see *Stellwagen v. Clum*, 245 U. S. 605, 38 S. Ct. 215. The nature, the extent, and the conditions of the liability of a shareholder are matters to be

determined by the law of the state by which the cor-
poration was created: *Harrigan v. Bergdoll,* 270 U. S.
560, 564, 46 S. Ct. 413, 414. §514 is a part of the cor-
poration law of the state under which business corpora-
tions are organized and fixes the responsibility of share-
holders in corporations so created. The right runs in
favor of wage and salary claimants as individuals and
not in favor of the corporation. The liability created
is the liability of the shareholders and not of the cor-
poration and therefore is not a matter involving the
bankrupt's property or obligations. The granting of
such a right to wage earners in no way conflicts with
or affects bankruptcy laws. The state was acting with-
in its own sphere in giving to such wage earners this
additional protection.

The limitation in question is not a pure statute of
limitations but a special statutory limitation qualifying
a right. The substantive right given wage claimants by
the section is conditioned upon bringing suit within six
months (*Guy v. Stoecklein Baking Co.,* 133 Pa. Su-
perior Ct. 38, 45, 1 A. 2d 839).

That Congress could not enlarge the substantive rights
given wage and salary claimants by the Legislature of
Pennsylvania is supported in principle by a decision of
the Circuit Court of Appeals for the Seventh Circuit,
In re *Diversey Bldg. Corp.,* 86 Fed. 2d 456. There a
third party had guaranteed a bond issue of a corpora-
tion which became bankrupt and petition for reorgan-
ization was presented under section 77-B. A bond-
holder sued the third party on the guaranty and the
district court restrained the bondholder from proceeding
with his suit. The circuit court reversed the lower
court, holding that the court was without power to
interfere with the enforcement of liability against the
stockholder as the property of the bankrupt was not
involved. That decision dealt with a liability created
by contract while here the liability was created by

statute, but in each the power of Congress to affect the rights and liabilities so created by reason of proceedings under §77-B of the federal Bankruptcy Law is involved. We do not believe that the suspension of "statutes of limitations" contained in §77-B was intended to apply to such limitations as are found in §514 of our Business Corporation Law.

Plaintiff also argues that since, as he assumes, §514 makes it mandatory on the wage claimant, in any suit under that section, to join the corporation and one or more shareholders as defendants and since he was prevented by the injunction of December 22, 1934, from suing the corporation, as a consequence the running of the limitation was suspended while the restraining order was in force. We do not believe that deduction sound which, in effect, concludes that a substantive right given by the state to wage and salary claimants may be enlarged in that manner. We will, however, first examine the premises on which the conclusion is based.

We agree with the plaintiff that the restraining order issued by the district court prevented any suit against the corporation while the order was in force. That was a lawful exercise of a power given to the federal jurisdiction by the bankruptcy law passed pursuant to constitutional authority.

We are not in accord with that part of the argument which assumes that the injunction prevented the plaintiff from taking steps that would have enabled him to take full advantage of the rights given him by §514. This necessitates a construction of that section. Clause A makes every shareholder in the corporation liable, to the extent of the par value of his stock, for salary and wage claims, due from the corporation, for a period of six months prior to the date suit is brought. Clause B deals with the remedy to be employed by the creditor in securing satisfaction for such wage and salary claims and with the remedy available to a shareholder, called

on to pay, in securing reimbursement from other share-
holders. It provides that the creditor *"may* include as
defendants the corporation and any one or more share-
holders of such corporation claimed to be liable there-
for"; and that "if judgment be given in favor of the
plaintiff for his claim, or any part thereof, the judg-
ment *shall* be given against the *corporation* and any
shareholders found liable." (Italics supplied.) It also
requires that any execution shall be "first levied on the
property of the corporation within the Commonwealth,
and in case such property, sufficient to satisfy the judg-
ment, cannot be found, then execution shall be levied
on the property of such shareholders for the deficiency."
It contemplates that judgment will be taken against the
corporation before any execution is issued, and it is
clear that resort must be had to the property of the
corporation before levy is made on the property of the
shareholder.

We cannot avoid the conclusion that the legislature
intended to make it mandatory that a judgment be
entered against the corporation and that it be made to
appear that the available property of the corporation
is exhausted before the claimant may exact satisfaction
from the shareholder's property. It also was essential
for various reasons that the amounts of the judgments
against shareholders and corporation should be con-
sistent, although not necessarily for the same amounts,
for the six months' limitation does not apply to the
corporation. These requirements being so clear, it is
only of minor importance whether the word "may" in
the first sentence is used in a mandatory or permissive
sense (*Lansdowne B. & T. Co.'s Case,* 323 Pa. 380, 385,
186 A. 120; *Suermann v. Hadley,* 327 Pa. 190, 205, 193
A. 645).

The only decisions by the appellate courts of this
state that might assist us and which have been called
to our attention are *Hoard v. Wilcox,* 47 Pa. 51, and

*Mansfield Iron Wks. v. Willcox*, 52 Pa. 377, a second appeal in the same case. That was a suit to enforce a claim against shareholders, and it was necessary to construe the twenty-third section of the Act of April 7, 1849, P. L. 563, containing a provision and language quite similar to that contained in §514 of the present act. The organization authorized in that statute had some of the attributes of a partnership and some of the characteristics of a corporation. The court in its opinion stated that it was not strictly of either class. On the first appeal the case was sent back that the corporation might be made a party to the action. The corporation was then joined and, on the second appeal, judgments against stockholders and corporation were affirmed.

Giving heed to what was there decided, as we are required to do, we are of the opinion that a proper construction of §514 requires us to hold that the claimant in any action brought under that section, at least when there is no imperative reason for an exception, must join the corporation and one or more shareholders as defendants.

There is, however, nothing in the section which makes it compulsory to join the corporation as a defendant when the original praecipe is issued. The corporation may be brought in later, preferably before issue is joined, and in any event before the claimant has a judgment that permits him to proceed to execution. This is precisely in line with what was decided by the Supreme Court in the Hoard case. There the corporation was not a party to the action when it was brought, but the Supreme Court sent the cause back for trial in order that the corporation might be joined.

The plaintiff assumes that he was restrained by the injunction of the federal bankruptcy court from starting an action which would have preserved his rights. We do not so understand, for we know of no reason why the plaintiff could not have *started* a suit at any time, naming the shareholders as defendants, and have served

them with process. In so proceeding he would not have violated the letter or the spirit of §514 and would have followed the practice approved in the Hoard and Mansfield Iron Works cases. The institution of the suit and service of process on the shareholders would have stopped the running of the statute as to them. There the case would have rested until he was permitted to bring the corporation on the record. After that was done he could then have proceeded to trial and judgment.

The injunction issued on December 22, 1934, was the usual precautionary order common to bankruptcy cases. It was issued without notice to all parties affected by it, it was not final, and it was at all times subject to modification on cause shown by a party adversely affected. We have no doubt that if suit had been brought on December 22, 1934, against the shareholders and application had been made to the district court for a modification so that suit would have been permitted for the purpose of fixing the liability of the coporation, the district court would have granted such petition. In fact, that very thing was done in June, 1935, when a petition was presented to the district court. It was held by the Court of Appeals of New York, *United Glass Co. v. Vary*, 152 N. Y. 121, 46 N. E. 312, in construing a somewhat similar statute where the claimant was in a like situation, that it was the duty of a claimant to show that he had attempted to procure a modification of such precautionary order if he would justify his failure to join the corporation.

The course pursued by this plaintiff was the one we have outlined and was apparently recognized by him as the proper practice. On March 26, 1935, he brought suit against the appellants and the corporation, but the sheriff in compliance with the injunction order did not serve the corporation. Before trial and after the injunction had been modified, the corporation voluntarily

appeared to the action and did not file an affidavit of defense. As a result plaintiff is in a position to take judgment against it at any time. The weakness of plaintiff's position is that he did not bring his suit until March 26, 1935, and as a consequence he lost his right to hold the shareholders for any wages due prior to September 26, 1935. We believe the conclusion and one of the premises of plaintiff's argument are unsound. In view of the circumstances which we have outlined, we see no occasion for doing violence to the state statute and thereby giving to the plaintiff a substantive right which he did not otherwise possess. We are not here concerned, at least for the present, with a question as to whether an adjudication in bankruptcy as to the amount due wage and salary claimants from the corporation and an appropriation of all the assets of the corporation in satisfaction of claims of creditors might not be the legal equivalent of the exhaustion of the assets by execution in the state court.

We make the same order in each appeal.

Judgment affirmed.