## Shoske v. Pennsylvania Central Brewing Co. et al.

*Stark, Bissell & Reifsnyder,* for plaintiff.
*Casey & Casey,* for defendants.

LEACH, P. J., July 23, 1941.—This is one of 39 cases brought to enforce the statutory liability of stockholders of the Pennsylvania Central Brewing Company to wage claimants under section 514 of the Business Corporation Law of May 5, 1933, P. L. 364. It is agreed by stipulation filed that the judgment in this case is to apply to all the cases. One of them is Eiffert v. Pennsylvania Central Brewing Co. et al., 141 Pa. Superior

Ct. 543. In that case the liability of defendants was fixed by the Superior Court and the only question for decision at this time is the date when interest begins to run.

In plaintiff's statement of claim interest is claimed from the date that the suit was begun. That was the date of the demand. Defendants contend that the amount of their liability is not fixed until by execution it appears that there are no funds in the corporation to pay the claim. They therefore argue that interest cannot be claimed until the said amount is definitely fixed. They further argue the difficulty that defendants have to enforce contribution against the other stockholders on any other theory of the lawsuit. They admit that interest is chargeable for undue delay in paying a fixed debt at the time it becomes due. They also urge the difficulty that defendants would have in enforcing contribution until an execution was issued against defendant corporation and the amount fixed.

From Eiffert v. Pennsylvania Central Brewing Co. et al., supra, we gather that there was nothing to prevent defendants from admitting their liability subject to execution and exhaustion of all the assets of the company. They thereupon could have begun their suit for contribution. The execution could have been stayed pending the fixing of the amount. It would have been to the interest of all concerned to have the matter disposed of speedily and every stockholder would have been interested in a speedy disposition of the case.

We cannot see the equity of the proposition that plaintiff must bring his suit and have his claim delayed while all the matters connected with the dissolution of a bankrupt corporation are settled. In the present case the worth of plaintiff's claim at the time of suit would have been less than 74 percent of the amount due him.

Now July 23, 1941, judgment is entered for plaintiff for the amount admitted by the stipulation with interest from the date claimed in plaintiff's statement.