## Casey et al., Trustees, v. Pennsylvania Central Brewing Co. et al.

*O'Malley, Hill, Harris & Harris,* and *Casey & Casey,* for plaintiffs.

*Otto P. Robinson,* for defendants.

LEACH, P. J., January 21, 1942.—This case is an aftermath of Eiffert v. Pennsylvania Central Brewing Co. et al., 141 Pa. Superior Ct. 543, 558, to enforce plaintiffs' right of contribution therein discussed at page 550.

Plaintiff shareholders of the bankrupt Pennsylvania Central Brewing Company brought this bill to enforce contribution against the solvent shareholders of the said company to recover over $20,000 debt, interest, and costs, and $3,690 counsel fees, and $678.08 printing, filing, and other miscellaneous expenses and costs which were paid on suits by 53 wage claimants against plaintiffs as shareholders for wages due the wage claimants by the brewing company.

The bill sets forth that plaintiffs were sued by the wage claimants for wages claimed of over $43,000,

that they notified defendants that have been named in the bill of the suits, and that plaintiffs would seek to enforce contribution if they were unsuccessful in defending against the claims. The bill further sets forth the history of bankruptcy of the corporation, its insolvency, and the inability to obtain any money for the wage claimants through litigation extending through the Circuit Court of Appeals and the Supreme Court of the United States.

Proper reference is made to the court and index number of the bankruptcy proceeding in order that defendants may be apprised by matter of public record of the truth of the statements set forth in plaintiffs' bill. Further litigation in the Pennsylvania courts reduced the amount of the wage claims from $43,000 to about $14,000, and resulted in a final decision in the Superior Court of Pennsylvania under which plaintiffs were compelled to pay the amount on which contribution is claimed. A schedule sets forth the judgments, with proper reference to court, term, and number, which plaintiffs were compelled to pay, and counsel fees and other expenses which plaintiffs were also compelled to pay in their efforts reducing the amount of the claims from $43,000 to $14,000.

All the secondary defendants filed preliminary objections to plaintiffs' bill, and all but one of them joined in a brief of argument filed by attorney Otto P. Robinson. One lone secondary defendant was represented by attorney Leon Levy.

Under the facts set forth in the above-recited bill, we hold as follows:

1. Contribution by a shareholder who has paid wage claims is enforcible by bill in equity where shareholders are numerous.

2. Necessary parties are shareholders of this State whose solvency is known and the amount of whose share holdings is such that the amount of their contribution would justify the costs of service of process and other procedure to collect. Unnecessary parties are (a) in-

solvent shareholders; (b) shareholders whose holdings are so small that service of process and litigation to ascertain solvency would cost more than any possible decree of contribution; (c) shareholders resident outside of the State against whom a decree is invalid: Shipley Massingham Co. v. Mutual Drug Co. et al., 329 Pa. 559; Vaughn v. Love et al., 324 Pa. 276.

3. Averment of insolvency of the corporation may be sufficient without showing levy upon the assets of the corporation. Such levy is unnecessary if it be shown by the record of the bankruptcy court specifically set forth as to the number and term, and that impossibility of collection from the corporation appears from facts recited from said record.

4. A schedule of the judgments paid by plaintiffs, showing the court, number, term, and amount and costs, and alleging payment thereof is a necessary averment in fixing the amount.

5. An averment of the amount of counsel fees and other charges paid, or a recital of facts showing the progress of the litigation on which the fees and expenses are based, and a substantial reduction of the original claim, thereby benefiting defendants as well as plaintiffs, is an averment of fact and may be a proper subject of proof and claim for contribution.

6. A prayer for discovery should accompany any bill to enforce contribution in order that solvent shareholders known to defendants may be added. Such prayer is necessary in Pennsylvania: Darlington v. Clemson, 41 Pa. Superior Ct. 309.

7. It might be well to attach to plaintiffs' bill a schedule of the known shareholders of the corporation, their last residences, and the number of shares held by each for the purpose of facilitating discovery by defendants of other persons who might be joined.

In passing upon the numerous objections it might be well to set out the clause of the section of the Business Corporation Law of May 5, 1933, P. L. 364, sec.

514, as amended by the Act of July 17, 1935, P. L. 1123, 15 PS §2852-514:

"A. A shareholder of a business corporation shall not be personally liable for any debt or liability of the corporation, except salaries and wages due and owing to its laborers and employes, for services rendered to the corporation. In such event, every shareholder shall be personally liable in an amount equal to the value of the shares of the corporation owned by him, but no shareholder shall be so liable unless suit for the collection of such salaries and wages shall be brought against him within six months after the same shall become due. The term value, as used in this subsection, shall mean in the case of shares with par value, the aggregate par value of such shares, and in the case of shares without par value, the consideration received by the corporation on the original issue of such shares.

"B. In any action brought to enforce the liability imposed by this section upon shareholders, the plaintiff may include as defendants the corporation and any one or more shareholders of such corporation claimed to be liable therefor. Service of summons or other process may be made upon the shareholders resident within such county in the same manner as writs of summons are now directed to be served, and upon those residing in other counties of this Commonwealth by the sheriff of the county in which they may respectively reside, and upon those nonresidents of this Commonwealth in such manner as the court may direct. If judgment be given in favor of the plaintiff for his claim, or any part thereof, the judgment shall be given against the corporation and any shareholders found liable. The execution upon such judgment shall be first levied on the property of the corporation within the Commonwealth, and in case such property, sufficient to satisfy the judgment, cannot be found, then execution shall be levied on the property of such shareholders for the deficiency, or so much thereof as the share-

holder defendants in such judgment shall be liable to pay. The shareholders who satisfy any judgment, or any part thereof, shall be entitled to contribution from the corporation in the first instance, and if contribution is unobtainable from the corporation, then pro rata from the other solvent shareholders originally liable for the claims on which the judgment was obtained."

The interpretation of this statute is governed by the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, Construction of Laws, the pertinent part being as follows:

"Section 51. Construction of Laws; Legislative Intent Controls.—The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

"When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law.

"Sec. 52. Presumptions in Ascertaining Legislative Intent.—In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable: . . ."

In applying the above rules to the construction of the Corporation Law, it will be noted:

1. The Business Corporation Law explicitly provides the remedy of contribution, which is an equitable remedy and originally enforcible only in equity: Shillito v. Shillito, 160 Pa. 167.

2. The mischief of the old law as construed in O'Reilly v. Bard, 105 Pa. 569, and elsewhere, was that shareholders originally liable escaped all payment when the wage claimants left them out of suits which were enforcible against other shareholders who were no more liable than themselves originally.

3. Under the maxim that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable, it is to be presumed that the legislature did not intend:

(*a*) That defendant, a shareholder in a corporation sued by a wage claimant of the corporation, should be compelled to issue a writ of sci. fa. and have it served on all other shareholders in every wage claim brought against him. In the case at bar the costs of producing three copies of a six-page document 53 times in each suit, and serving these writs on 68 other stockholders would have involved legal fees for service amounting to more than the judgments against the plaintiffs and many of the judgments would have been impossible of collection.

(*b*) The statute of limitations of six months for the bringing of wage claims against a shareholder was not intended to apply as against the claim of a shareholder who has paid the wage claim. If plaintiff were compelled to have started the suit within six months after the wages were earned, the suit against his fellow-shareholders would be unenforcible and ridiculous. The suggestion that immediately when sued he must sue every other shareholder is sufficient answer to show the impossibility of recovering in such a case.

(*c*) That it is presumed that the legislature intended contribution to be enforcible against solvent shareholders in this State, and did not intend an un-

necessary suit against persons not subject to the jurisdiction of the courts of this State, insolvents against whom a judgment is meaningless, or small shareholders whose solvency is unknown and the costs of service and ascertaining of whose solvency would be greater than the amount of the contribution.

4. As the amount due from each defendant depends upon the number of solvent shareholders, the rule is that the action differs from that of assessment upon shareholders of an insolvent bank to make payment on their shares of stock. In bank cases the assessment is usually for the entire amount of the stock. If an over-assessment is made, it can be paid back. Each shareholder, if he happens to have a defense, has one peculiar to himself. These facts distinguish a case of contribution among shareholders from the case of assessment on bank stock, and the rule in the bank case as to lack of equitable jurisdiction set forth in Gordon, etc., v. Beisinger et al., 335 Pa. 1, does not apply in this case.

It has been suggested that the Act of March 28, 1867, P. L. 48, 12 PS §41, provides that it is the true intent and meaning of the statute of limitations that no suit at law or in equity shall be brought against any director or stockholder in a corporation except within six years after the delivery of the materials or merchandise; or the lending to or deposit of money with said corporation or association, or the commission of such act of negligence by such stockholder or director also bars these suits. It will be noted that the said statute of limitations does mention a claim for materials or moneys or neglect of duty, but does not mention wage claims. Under the rule that where an act specifically applies to certain things all others are excluded, it is seen that the said act does not apply to wage claims or for contributions thereon.

The further objection is made that in the usual case a plaintiff cannot obtain contribution for counsel fees.

Whether or not plaintiffs in this case can obtain counsel fees is a question of fact which depends upon the evidence as to whether plaintiffs' act in this respect has reduced the amount which the contributors are asked to pay. The general rule of law set forth by the A. L. I. Restatement of Restitution, p. 375, sec. 85, is that the payor should be reimbursed "to the proportionate amount of his net outlay properly expended." This is a rule set forth in 18 C. J. S. 1486, sec. 708. It has been recognized in Edwards v. Ely et al., 110 Pa. Superior Ct. 509, 514. The foregoing is but an enlargement of the opinion of the Superior Court in Eiffert v. Pennsylvania Central Brewing Co. et al., 141 Pa. Superior Ct. 543, which reads as follows (p. 550) :

"This brings us to a consideration of the features of the section dealing with the right of contribution. In *Armstrong Co. v. Clarion Co.*, 66 Pa. 218, 221, the Supreme Court quoted with approval the language of LORD CHIEF BARON EYRE in *Dering v. Earl of Winchelsea*, 1 Cox 318: 'Contribution is bottomed and fixed on general principles of natural justice, and does not spring from contract.' Also, see *Miller v. Home Ins. Co.*, 108 Pa. Superior Ct. 278, 284, 164 A. 819; *Parker v. Rodgers*, 125 Pa. Superior Ct. 48, 189 A. 693. This statement is sometimes misconstrued. It does not mean that the right to contribution cannot be based on a contract, but merely that it may arise independently of any contract: 13 Am. Jur.—Contribution, §4. It may be qualified or controlled by agreement: Annotation, 64 A. L. R. 2210. In this statute the general right which would otherwise be possessed is qualified by the requirement that recourse shall be first had to the corporation which is primarily liable. The defendant shareholders became holders of the corporate stock which ownership gave rise to this action before the passage of the Act of 1933, but that act was in substance a re-enactment of §§14 and 15 of the General

Corporation Act of April 29, 1874, P. L. 73. The original law of 1874 is to be construed 'as continued in active operation': Statutory Construction Act of May 28, 1937, P. L. 1019, §§81, 82 (46 PS §§581, 582). The statutory duty of contribution became part of a contract between the shareholders, they having become shareholders with full knowledge of the liabilities created by the statute. We find nothing in this feature of the act tending to show that the remedy was so arbitrary and unreasonable as to deprive the appellants of their property without due process of law."

Now, January 21, 1942, the preliminary objections to plaintiffs' bill are dismissed and defendants are required to answer within 15 days. Leave is given to defendants to bring in other solvent parties by averment as to the number of their shares and their solvency.