## Gorczynski, Appellant, *v.* George.

Argued March 23, 1954. Before STERN, C. J., STEARNE, JONES and BELL, JJ.

*Alexander J. Bielski,* for appellant.

*Wm. J. Lancaster,* for appellee.

OPINION BY MR. JUSTICE JONES, May 24, 1954:

We granted an allocatur in this case because of an asserted conflict between the Federal Bankruptcy Act of 1898, as amended, and the Pennsylvania statute of limitations with respect to actions for damages for personal injuries not resulting in death.

On May 10, 1938, the Pittsburgh Railways Company, as debtor, filed its petition in the District Court of the United States for the Western District of Pennsylvania for reorganization under Section 77B of the

470

Bankruptcy Act, as amended by the Act of June 7, 1934, c. 424, 42 Stat. 912 et seq., and, on June 14, 1938, the court entered an order approving the petition for reorganization and appointing trustees of the debtor in bankruptcy.

On June 8, 1948, Adam Gorczynski, the plaintiff, instituted in the Court of Common Pleas of Allegheny County the present action against the trustees of the Pittsburgh Railways Company for damages for personal injuries suffered by him on *October 10, 1938,* through the alleged negligence of the defendant debtor, its servants or employees. As a part of his complaint, Gorczynski pleaded the pendency of the reorganization proceeding of the debtor in bankruptcy. The trustees filed an affidavit of defense and, as new matter, pleaded in bar to the action in trespass the Pennsylvania statute of limitations which prescribes that an action for damages for personal injuries not resulting in death must be brought within two years from the time when the injury was done and not afterwards: Act of June 24, 1895, P. L. 236, Sec. 2, 12 PS §34. The plaintiff countered by pointing to a clause in Sec. 77B (b) (10) of the Bankruptcy Act of 1898, as amended by the Act of June 7, 1934, which was in effect at the time of the accrual of the plaintiff's right of action. The clause provided that "The running of all periods of time prescribed by any other provisions of this Act, and by all statutes of limitations, shall be suspended during the pendency of a proceeding under this section." From that, the plaintiff argued there was a conflict between the Bankruptcy Act in such regard and the Pennsylvania statute of limitations which, perforce, was to be resolved by according paramountcy to the federal enactment in obedience to Article VI, Cl. 2, of the Constitution of the United States. The trial judge thereupon continued the hearing and referred the legal question involved to a court en banc.

After argument, the court en banc was of the opinion that the alleged conflict had in fact existed but that it had been obviated by the order entered by the United States District Court on June 14, 1938, upon appointing trustees of the debtor in the reorganization proceeding. The order contained, inter alia, the following provision: "(7) All persons, firms, associations and corporations are hereby jointly and severally enjoined and restricted from instituting and prosecuting and continuing the prosecution of any action, suit or proceeding at law, or in equity, or any other proceeding against the debtor, EXCEPTING, however, . . . actions for damages based on the alleged negligence of the debtor, its servants, agents, or employes, in conduct and operation of the business of the debtor, which said . . . actions for damages may be instituted and prosecuted to final judgment . . . ." On the basis of this provision, the court en banc concluded that the suspension of the time limitation upon the plaintiff's bringing suit on his cause of action had been lifted and that, consequently, his right of recovery had long since been barred at the time he instituted his suit. The court accordingly entered a judgment of *non pros* which, on appeal to the Superior Court, was affirmed for the same reason as given by the court below. While we approve the action taken, we do so for a different reason.

There was no conflict between Sec. 77B (b) (10), suspending statutes of limitations during the pendency of a corporate reorganization proceeding, and Pennsylvania's statute limiting the time for bringing actions for damages for personal injuries not resulting in death. The suspension by Sec. 77B (b) (10) of statutes of limitations affected only actions against *the debtor* for causes arising prior to bankruptcy and was designed to put all creditors of the debtor on an equal footing

with respect to the non-outlawing of claims currently enforceable at the time of the bankruptcy. In *Bovay v. H. M. Byllesby and Co.*, 27 Del. Ch. 33, 29 A. 2d 801, 805, the chancellor said with respect to the above-quoted provision of Sec. 77B (b) (10) that,—"Its apparent purpose is to preserve the rights of creditors of the bankrupt, as they existed at the commencement of the proceedings, to give time for a proper considera-tion of the plan of reorganization, and to prevent any precipitate action by the creditors. Gilbert's Collier on Bankruptcy, 4th Ed., §1542; see, also, Gerdes on Bankruptcy, §1151." As the claim there involved was not one against the bankrupt debtor's estate, the Dela-ware statute of limitations was held to be operative and controlling. See also *Eiffert v. Pennsylvania Cen-tral Brewing Company*, 141 Pa. Superior Ct. 543, 554, 15 A. 2d 723. In *Nairn v. McCarthy*, 120 F. 2d 910, 912, in what was thought to be the first time the suspension of statutes of limitations by Sec. 77B (b) (10) was up for construction, the Court of Appeals for the Seventh Circuit held that such suspension ran only to ". . . statutes of limitations contained in any pro-vision of the Bankruptcy Act, and that there was no intention to make it applicable otherwise." In short, the suspension was not intended to affect State stat-utes of limitations. But, however that may be, the claim in the instant case was not against the debtor but against the trustees of the debtor. In no event, therefore, could the provision in Sec. 77B (b) (10) be thought to have suspended the State limitation upon the bringing of an action on the plaintiff's claim.

Paragraph (7) of the order of the District Court of June 14, 1938, as above quoted, to which the learned court below imputed controlling importance, is of no present materiality. What that provision was intended to do was to enjoin the institution of any action against

the debtor, saving, however, from the scope of the injunction, actions for damages based upon the alleged negligence of the debtor, its servants, agents or employees in the conduct of the debtor's business. Thus, the saving clause permitted claimants for damages for injuries suffered prior to the bankruptcy, due to the debtor's alleged negligence, to institute and prosecute their actions to final judgment notwithstanding the pendency of the bankruptcy proceeding. But, it took no such exception to secure to claimants for damages for injuries due to negligence of *the trustees* or their agents or employees in their operation of the bankrupt's property a right to sue and to prosecute their actions. As to such claims, there can be no question that the Pennsylvania statute of limitations was at all times in full force and effect. As a consequence, action on the present plaintiff's claim was barred by lapse of time on October 10, 1940—approximately eight years before suit was instituted.

Judgment affirmed.